**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------

**UNITED STATES OF AMERICA**

       - against -                  **13-CR-478-01 (JGK)**

**HARRY CASTRO,**                        **MEMORANDUM OPINION AND**
                                                    **ORDER**

                **Defendant.**
------------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The defendant has applied for early termination of supervised release, primarily so that he can obtain employment on cruise ships, as he had before his conviction.

    The Court has the discretion to terminate the defendant's supervised release based on "the conduct of the defendant released and the interest of justice." 18 U.S.C. §3583(e)(1). However, to justify termination, the defendant should show that there is some basis in addition to his faithful compliance with the conditions of supervised release. See generally United States v. Jimenez, No. 04-cr-329 (JGK), 2010 WL 6385382, at *1 (S.D.N.Y. Mar. 24, 2010); United States v. Liriano, No. 91-cr-908 (JFK), 2010 WL 532517, at *1-2 (S.D.N.Y. Feb. 11, 2010).

    While the defendant has complied with the conditions of his supervised release, that fact is an insufficient basis to justify early termination. See, e.g., United States v. Wolfson, No. 00-cr-0628 (JGK), 2011 WL 6013846, at *1 (S.D.N.Y. Dec. 1, 2011) ("The defendant has [ ] not demonstrated any exceptional

circumstances to warrant an early termination of supervised release.").

The defendant should be encouraged to obtain employment and supervised release should not interfere with that employment. The Probation Department has indicated that it supports the defendant's efforts to obtain employment.  If the Probation Department were to deny the defendant the approvals necessary for travel, the defendant could seek relief from this Court, but there is no indication that the Probation Department would deny such requests.  See, e.g., United States v. Wexler, No. 02-cr-122 (JGK), 2011 WL 5597354, at *1 (S.D.N.Y. Nov. 16, 2011). Indeed, the Probation Department has asked the Court for authority to grant the defendant's requests for international travel without returning to the Court, and the Court will do so.

Therefore, the defendant's request for early termination of supervised release is **denied without prejudice** to renewal in the future. The Probation Department's request for authority to approve international travel for the defendant without seeking future Court approval is **granted**. The Clerk is directed to close docket numbers 100 and 102.

**SO ORDERED.**

**Dated:    New York, New York**
**August 5, 2016**          _____/s/_____
                              **John G. Koeltl**
                         **United States District Judge**